# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **EARL HOLLINS** | **CIVIL ACTION NO. 24-0566** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LIEUTENANT HOLLOWAY** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Earl Hollins, a prisoner at Catahoula Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately February 2, 2024, under 42 U.S.C. § 1983. He names Lieutenant Holloway as defendant.[1]

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

On June 5, 2024, the undersigned ordered Plaintiff to amend his Complaint, remedy certain deficiencies, and provide specific information. [doc. # 18]. The undersigned cautioned that the Court may dismiss Plaintiff's lawsuit if he failed to comply. *Id.*

On July 10, 2024, Plaintiff informed the Court that he "received legal assistance" and that the Court should send "all matters of concern to" his attorney. [doc. # 19]. To date, however, no

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

counsel has enrolled, Plaintiff has not filed an amended pleading, and his deadline to amend has passed.

Accordingly, **IT IS RECOMMENDED** that Plaintiff Earl Hollins's Complaint, [doc. # 1], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 6th day of August, 2024.

                                                         _____
                                                         Kayla Dye McClusky
                                                         United States Magistrate Judge